HENDRY, Judge.
The appellant was the defendant below, in an action brought by the plaintiff-appel-lee which sought legal relief in the form of first, a determination that certain plans for an apartment building were not in violation of any of the appellant’s ordinances, and second, the issuance of the injunctions necessary to assure his right to erect said apartment. In its final judgment, the trial court granted the relief sought, setting forth its findings in a final judgment, infra. We hereby adopt the following portions of the circuit court’s opinion as our holding here, and note to the parties that the omitted portions are not necessary for appellate purposes.
“1. The plaintiff, SAMUEL I. FIELD-STONE, is the owner of Lots 29, 30 and 31 of Block 3 of BAY HARBOR ISLANDS SUBDIVISION, according to plat recorded in Plat Book 46 at Page 5 of the Dade County Records. This property is zoned by 'the Town of Bay Harbor Islands by Ordinance No. 108, as thereafter amended from time to time, for multiple family use and is classified Zone R-E. The zoning ordinance was passed by the Town pursuant to the provisions of Sec. 63, of Ch. 28899, Laws of Florida 1953, and contained two provisions as follows:
“(a) A building may exceed one hundred and twenty feet (120') in length if breezeways divide such building, except for common floors and roofs, into parts not exceeding one hundred and twenty feet (120') in length. Such breezeways shall have a minimum unobstructed width, completely through the building, of twenty feet (20').
“(b) No building in the ‘RE’- — -Multiple Family Area shall exceed six (6) stories.
“2. The plaintiff, being desirous of erecting an apartment house on "said property prepared preliminary plans therefor which he submitted to the officials of the Town. The plans were rejected when it was ascertained that the building was in excess of 120 feet in length and did not have a breeze-way as required by sub-sec. 5 of Sec. 3 of Ordinance 183 and because the plans provided for the construction of a pent house on the roof of the apartment. The plaintiff’s plans, Pltf’s. Exhibit 5, were for a building seven stories in height with the ground floor restricted to parking and utilities, plus a pent house and it is the Town’s contention that this caused the proposed structure to be in excess of the height limitations provided for in sub-sec. 6 of said ordinance.
“3. In this situation the plaintiff filed a complaint in which it was contended that *359 the provisions in the said ordinance as to the requirements of a breeze-way were ambiguous, illegal, unconstitutional and void and that the requirement for a breeze-way in the plaintiff’s building was not related in any way to the public health, safety, morals and public welfare. The plaintiff also contended, as to the construction of the pent house, that the Dade County Building Code, generally known as the South Florida Building Code, , had., been adopted by Ordinance No. 149 of the defendant Town and that this building code provided that a pent house, such as provided for in the plaintiff’s plans, did not constitute a story so that the plans were not in violation of the provisions of the ordinance.
‡ >fi ijt :fc ‡
“[T]he plaintiff proved by the competent and uncontradicted testimony of three expert witnesses that the ordinance was unreasonable and that the existence of such a breezeway in the proposed building will have no substantial effect on the diffusion of light and the circulation of air in the affected area. Upon a consideration of the record and testimony the Court finds as follows:
“A. The plaintiff has proved his case by a preponderance of competent testimony and that the equities in this cause are with the plaintiff, and that he is entitled to the relief sought in his complaint;
“B. That in a situation here presented the ordinance requiring the breeze-way in the projected apartment house has no relation to the public health, safety, morals or general welfare and the existence of such a breeze-way will not contribute to the diffusion of light, or the circulation of air in the affected area.
* * * * * *
“D. That the pent house shown on the plans which were admitted in evidence as Pltfs. Ex. 5 does not, according to the terms of the South Florida Building Code, constitute a story in the apartment building, providing it does not extend more than 12 feet above the roof of the building and does not cover more than 25 per cent of the area, and that the height of the proposed building would not therefore be in violation of sub-sec. 9 of Sec. 3 of Ordinance No. 183. ■
“E. That the defendant Town is hereby ordered, upon the presentation to it of preliminary plans for the construction of said apartment building, to consider the same without regard to the existence of the breeze-way or the proposed pent house and, if the same are not otherwise in violation of the Town’s ordinances and the building code of Dade County, to cause the same to be tentatively approved, or in the event that such plans are not in conformity with such other ordinances and code so to indicate and to enable the plaintiff to overcome such objections and make any corrections to said plans if he so desires.
“F. The Court reserves jurisdiction in this cause for the purpose of making such other and further orders herein as may be necessary to afford the plaintiff such relief which he is entitled to and to carry out the terms and provisions of this judgment.”
Affirmed.